**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

**DEBORAH ARMSTRONG,**

    Plaintiff,

v.

**COLORADO SEMINARY d/b/a THE UNIVERSITY OF DENVER,**

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Deborah Armstrong ("**Ms. Armstrong**"), through her undersigned counsel, submits this Complaint and Jury Demand against Colorado Seminary d/b/a The University of Denver ("**University of Denver**," "**DU**," or "**Defendant**"), a Colorado non-profit corporation.

## PARTIES

1. Plaintiff is an individual who resides at 7542 Pyrite Way, Castle Rock, Colorado 80108.

2. The University of Denver is a Colorado non-profit corporation. Its principal place of business is located at 2199 South University Boulevard, Denver, Colorado 80208.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Ms. Armstrong's claims pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized by, and instituted under, the

Americans with Disabilities Act of 1990, as amended, and the Americans with Disabilities Act Amendments Act of 2008 (together, the "**ADA**").  See 42 U.S.C. 126-12101, *et seq*.

4. This Court has supplemental jurisdiction over Ms. Armstrong's state claim pursuant to 28 U.S.C. § 1367, as her state law claim arises from the same case and controversy as the claim over which this Court has original jurisdiction.

5. The unlawful employment practices alleged herein were committed within the judicial district of the United States District Court for the District of Colorado.  Accordingly, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEDURES

6. On or about April 11, 2018, Ms. Armstrong filed Charges of Discrimination with the Equal Employment Opportunity Commission ("**EEOC**") and Colorado Civil Rights Division ("**CCRD**"), related to discrimination based on disability.

7. The EEOC and the CCRD issued Right to Sue notices to Ms. Armstrong, authorizing Ms. Armstrong to bring the present lawsuit.

## GENERAL ALLEGATIONS

### *Employer and Employee Information*

8. DU is an employer pursuant to the ADA and at all times material hereto has employed more than fifteen employees.

9. The University of Denver recruited Ms. Armstrong to join the team in its Advancement department because of her years of experience as a fundraising leader with a proven track record of success in building teams and strategic relationships with donors and gift prospects.

10. Ms. Armstrong has more than 20 years of fundraising experience and more than 15 years working with university advancement departments.

11. On December 1, 2016, Ms. Armstrong began work at DU as its Associate Vice Chancellor of Advancement.

12. Throughout her employment with DU, Armin Afsahi ("**Mr. Afsahi**") was Ms. Armstrong's direct supervisor. At all relevant times, Mr. Afsahi was the Vice Chancellor of Advancement.

13. Ms. Armstrong was terminated from her employment with DU on or about November 30, 2017.

*Ms. Armstrong's Employment at DU*

14. When Ms. Armstrong joined DU in late 2016, she was optimistic about her career with DU – so much so that she and her family moved to the Denver area from New York.

15. Ms. Armstrong looked forward to years-long employment with the University of Denver.

16. In June 2017, Ms. Armstrong and Mr. Afsahi completed Ms. Armstrong's Six-Month Appraisal Report (the "**Six-Month Appraisal**").

17. In the Six-Month Appraisal, Mr. Afsahi was critical of several areas of Ms. Armstrong's job performance, including Job Knowledge and Work Quality.

18. Ms. Armstrong worked quickly to address all of Mr. Afsahi's concerns, and by the time her Eight-Month Appraisal was completed in October 2017, Mr. Afsahi praised Ms. Armstrong's "major turnaround," including in the areas of "work, efforts, and leadership."

19. Mr. Afsahi noted: "[Ms. Armstrong] has worked diligently to be accessible, dependable, responsive, and supportive of me and her colleagues across Advancement. Her vigor and commitment to building her team has been terrific . . . . I continue to pledge my full support to Deborah, and make sure [sic] that her success is my top priority."

20. Mr. Afsahi concluded his comments by stating: "[Ms. Armstrong's] tenure at DU will undoubtedly be a successful and impactful one, and I look forward to supporting her leadership and achievement."

21. Then, just six weeks later, Mr. Afsahi terminated Ms. Armstrong's employment, telling her that while she was competent to do the job, she lacked the ability to lead.

### *Ms. Armstrong's Cancer Diagnosis*

22. The only things that changed between October and November were that Ms. Armstrong notified Mr. Afsahi that she was experiencing a medical issue for which she would need time off to attend appointments, and then, of her cancer diagnosis.

23. Ms. Armstrong was diagnosed with breast cancer in November 2017.

24. Ms. Armstrong shared this information with Mr. Afsahi on Tuesday, November 14, 2017.

25. Later that same day, Tuesday, November 14, 2017, Mr. Afsahi confirmed his knowledge of Ms. Armstrong's condition by text message.

26. Mr. Afsahi was cold in his response to Ms. Armstrong's devastating diagnosis. He told her to look into services offered at DU's Center for Oncology Psychology Excellence, which Ms. Armstrong later did.

27. Disappointingly, Mr. Afsahi's attitude toward Ms. Armstrong immediately changed after she told him of her diagnosis. He began treating Ms. Armstrong with anger and ridicule and started lashing out at her during meetings and in front of other staff members.

28. Ms. Armstrong was aware that Mr. Afsahi had demonstrated a pattern of abandoning employees once he became aware of medical conditions that may require time off for the employee, including pregnancy.

29. Ms. Armstrong knew first-hand of Mr. Afsahi's negative attitude toward, and poor treatment of, employees who needed medical leave. Earlier in 2017, one of Ms. Armstrong's direct reports required medical leave. In response, Mr. Afsahi demanded the employee's position be posted immediately. When told that would likely be a violation of federal and state law, Mr. Afsahi said he would never reinstate the employee to her current position. Mr. Afsahi said he would move her to another position and then proceeded to ignore her until she left for medical leave. That employee never returned to DU.

30. Concerned she would suffer the same fate, Ms. Armstrong reached out to Laura Maresca ("**Ms. Maresca**"), DU's Vice Chancellor of Human Resources and Inclusive Community, by telephone and by email. Ms. Armstrong hoped to discuss with Ms. Maresca her fear that she would suffer significant consequences after notifying Mr. Afsahi she would need medical leave. Ms. Armstrong, however, was fired before the two could ever connect to discuss the issue.

*DU Terminates Ms. Armstrong's Employment Just 16 Days After She Shared Her Diagnosis*

31. On November 30, 2017, just one day before her one-year work anniversary, Mr. Afsahi notified Ms. Armstrong that he was terminating her employment.

32. Ms. Armstrong told Mr. Afsahi that he had been treating her differently since she told him about her diagnosis, to which Mr. Afsahi did not respond.

## CLAIM FOR RELIEF
### Discrimination in Violation of the ADA and Colorado's Anti-Discrimination Act

33. Ms. Armstrong incorporates each of the allegations set forth above, as if fully set forth herein.

34. At all times relevant hereto, DU was and is subject to the ADA and Colorado's Anti-Discrimination Act.

35. At all times relevant hereto, Ms. Armstrong was a disabled person within the meaning of the ADA.

36. Ms. Armstrong suffered from cancer, which limited several of her major life activities, including major bodily functions and normal cell growth.

37. At all times relevant hereto, Ms. Armstrong was qualified and able to perform the essential functions of her position of Associate Vice Chancellor of Advancement.

38. Ms. Armstrong's supervisor Mr. Afsahi and DU knew or reasonably should have known that Ms. Armstrong was disabled.

39. Beginning as soon as she told her supervisor of her cancer, DU discriminated against Ms. Armstrong because of her disability, including by terminating her employment.

40. Disparate treatment of Ms. Armstrong by her supervisor and DU was intentional and due to Ms. Armstrong's disability.

41. The University of Denver engaged in discriminatory practices with malice and/or with reckless indifference to Ms. Armstrong's rights, as set forth in the preceding paragraphs.

42. Such conduct denied Ms. Armstrong equal terms, conditions, and privileges of employment, thereby violating Ms. Armstrong's rights.

43. As a result of the conduct as above alleged, Ms. Armstrong has been damaged in an amount to be determined at trial, including but not limited to, compensatory damages for back pay, front pay, lost job benefits, damages for emotional distress and pain and suffering, punitive damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Armstrong prays for entry of judgment in her favor and against Colorado Seminary d/b/a The University of Denver as follows:

a. Economic damages, including without limitation, back pay and lost benefits;

b. Compensatory damages, including without limitation, damages for loss of reputation, loss of opportunity for professional growth, loss of opportunity for promotion, additional financial incidental and consequential damages;

c. Non-economic damages for emotional distress, pain and suffering, inconvenience, mental anguish, loss of reputation, and other non-pecuniary losses;

d. Punitive damages as allowed by law and to be determined at trial;

e. Declaratory relief;

f. Reasonable attorneys' fees and costs;

g. Pre- and post-judgment interest; and

h. Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Dated: March 8, 2019

By: /s/ *Leah P. VanLandschoot*
Leah P. VanLandschoot, #35723
Amy M. Maestas, #46925
THE LITIGATION BOUTIQUE LLC
1720 S. Bellaire Street, Suite 520
Denver, Colorado 80222
T: 303.355.1942
F: 303.355.2199
Email: lvanlandschoot@thelitbot.com
Email: amaestas@thelitbot.com
**ATTORNEYS FOR PLAINTIFF**
**DEBORAH ARMSTRONG**

**Plaintiff's Address:**
7542 Pyrite Way
Castle Rock, Colorado 80108